happening of the accident an amended declaration is filed, predicated upon section 89 of such Act (J. & A. ¶ 5386), alleging the wilful failure on the part of defendant to comply with such act, an allegation not contained in the original declaration, the amended declaration states a new cause of action, since the alleged breaches of statutory duty under the respective sections are entirely different, and there is an allegation that the negligence was wilful in the amended declaration, an allegation not contained in the original declaration.

2. LIMITATION OF ACTIONS, § 74*—*when question whether amended declaration sets up new cause of action is presented as one of law.* Where, in an action by an employee against his employer for personal injuries, the defendant pleads the Two-Year Statute of Limitations by way of defense to an amended declaration, and plaintiff files a general replication setting up new matter in avoidance thereof, and it is conceded that the injury in question occurred more than four years prior to the filing of the amended declaration, defendant's motion for a directed verdict presents to the court as a matter of law the question whether or not the amended declaration sets up a new cause of action.

---

# Francisco Vittelle et al., trading as F. Vittelle & Sons, Appellees, v. Louis Caravetta, Appellant.

## Gen No. 22,633.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed October 9, 1917.

## Statement of the Case.

Action by Francisco Vittelle, Guisseppe Vittelle and Henry Vittelle, trading as F. Vittelle & Sons, plaintiffs, against Louis Caravetta, defendant, to recover for the value of certain goods alleged to have been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sold by plaintiffs to defendant. From a judgment for plaintiffs for $963.03 and costs, defendant appeals.

L. A. SHERWIN, for appellant.

ELBERT C. FERGUSON, for appellees.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 126*—*when delivery of bill of lading constitutes delivery of goods.* Where a bill of lading by which goods are consigned to the shippers is indorsed by the shippers and sent to the buyer when shipment is made, there is a valid delivery of the goods.

2. SALES, § 108*—*what does not constitute·cancellation of order for goods.* In an action to recover for the purchase price of goods sold, *held* that an alleged cancellation of the order, which was merely a request by the buyer for temporary delay of shipment, did not operate as a cancellation of the order for the goods.

———————

Gertrude Waterbury, Appellee, v. Chicago, Milwaukee & St. Paul Railway Company and Northwestern Elevated Railroad Company, Appellants.

### Gen. No. 22,782.

1. RAILROADS, § 257*—*what was obligation at common law to provide and maintain crossings at highways.* At common law a railway company constructing its line of road was under obligation to provide safe and convenient crossings at highways then existing, but no duty devolved upon it to construct and maintain a crossing over a highway subsequently created.

2. RAILROADS, § 258*—*what is meaning of word "safe" in act relating to construction and maintenance of railroad street crossings.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.